## THE STATE v. JOCK LEGGETT.

*Assault—Evidence.*

Where the prosecutor, a dangerous and quarrelsome man, and the defendant went into the house of the latter to make a settlement, and an altercation arising, the defendant ordered the prosecutor to leave, which he refused to do, whereupon the defendant went to another room, got his gun, and immediately on his return struck prosecutor with it, without attempting to use milder means to expel him, and it did not appear that the prosecutor was armed, or was attempting any violence : *Held,* to constitute an assault.

CRIMINAL ACTION, tried in the Superior Court of ROBESON County, at January Term, 1889, *Merrimon, J.,* presiding.

The defendant testified in his own behalf, that the prosecutor came to his stable and demanded a settlement; that at his suggestion they went into the defendant's house, but failed to settle; defendant told him to go out of the house; the prosecutor replied, that he would go when he got ready, saying, "Put me out if you are man enough to do it"; the defendant went and got his gun, came back, and at once, without saying any thing, struck the prosecutor with it; the defendant had heard from his "hands," that the prosecutor

had said theretofore, that if he did not settle with him he would have defendant's blood ; that the latter knew the prosecutor to be a desperate, dangerous, quarrelsome character, and superior to him in physical strength; that after he struck the prosecutor with the gun, his wife told the prosecutor to go away, and he went. There was no evidence to show that the prosecutor had a weapon of any kind, or that he offered violence to the defendant otherwise than above stated. Nor was there evidence that the defendant attempted to get the prosecutor away otherwise than by ordering him out of his house, and upon his not going, getting his gun and striking him with it; he did not use milder means to get him out. The Court was of opinion that, if the jury believed the defendant's own statement, they should find him guilty, and so instructed them. The defendant excepted.

There was a verdict and judgment against him, and he appealed.

*The Attorney General* and *Mr. Jno. Devereux, Jr.,* for the State.

*Mr. W. F. French,* for the defendant.

MERRIMON, C. J.: The prosecutor was no more than insolent to the defendant; he did not strike, nor offer to strike him ; nor does it appear that he had any weapon of offence of any kind, nor was there any display of force, nor any direct threat. He refused, when commanded, to go out of the defendant's house. The latter had the right to put him out, after he so refused to go, and to use reasonable, necessary force for that purpose, if need be, but not unnecessary or excessive force.

As the prosecutor offered no violence—had made no assault—had displayed no arms or weapon of any kind.

104—50

after the defendant got his gun, he should not have stricken him at once—surely he should have said to him before striking, "Go out, else, as you see, I am prepared, and will use force." This he might safely have done, and the presence of the gun in the defendant's hands might—probably would—have driven him out without the blow. This he did not do. He at once struck him with the gun in a spirit of vengeance, not simply to get him out. So far as appears, it was not necessary to strike the blow without first commanding him to go out. It might have been otherwise, if the prosecutor had been armed, or violently moving upon or assaulting the defendant. The law does not allow unnecessary violence.

The instruction of the Court to the jury complained of, was therefore correct. There is no error and the judgment must be affirmed.

Affirmed.